IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Parlement Technologies, Inc.,<br>(f/k/a Parler LLC, f/k/a Parler Inc.),<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG) |

**DECLARATION OF CRAIG R. JALBERT IN SUPPORT OF THE APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING AND APPROVING THE RETENTION OF CRAIG R. JALBERT AS CHIEF RESTRUCTURING OFFICER AND VERDOLINO & LOWEY, P.C. TO PROVIDE SERVICES TO THE CRO AND DEBTOR AS NECESSARY FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, Craig R. Jalbert hereby declare under penalty of perjury:

1. I am duly authorized to make this Declaration. This Declaration is given in support of the *Application of the Debtor for an Order Authorizing and Approving the Retention of (a) Craig R. Jalbert as Chief Restructuring Officer for the Debtor and (b) Verdolino & Lowery, P.C. ("Verdolino" Nunc Pro Tunc to the Petition Date, and (c) Granting Related Relief* (the "Application"), and is based on my personal knowledge.

## QUALIFICATIONS

2. I have extensive experience and expertise as a financial advisor and turnaround management specialist in reorganization proceedings. I am a principal with Verdolino, and a Certified Insolvency Restructuring Advisor with over 30 years of experience.

3. Parlement Technologies (the "Debtor") in this chapter 11 case seeks to employ me to provide services as Chief Restructuring Officer ("CRO") for the Debtor in connection with carrying out its duties and responsibilities under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. I am well-qualified to provide services as Chief Restructuring Officer to the Debtor in this Chapter 11 case. I have broad-based experience and a respected reputation as a financial advisor in reorganization proceedings. I was appointed by the Debtor's Board of Director as CRO, and is currently acting as CRO for the Debtor.

5. Verdolino is a leading, experienced full-service accounting firm having extensive experience in bankruptcy insolvency, forensic accounting/computing, litigation support, and commercial business advisory. Verdolino's consultants are seasoned restructuring advisors. Verdolino's practice is national in scope and had provided clients with particularized experience in restructurings and turnarounds. In selecting Craig R. Jalbert and the resources provided by Verdolino, the Debtor identified that Jalbert and Verdolino have the corporate acumen and experience with complex restructuring.

6. The Debtor seeks to engage Verdolino to help with various financial, strategic, and business alternatives, and recover assets. The resources, capabilities, and experience of Verdolino are crucial to the success of this Chapter 11 Case. Verdolino will provide expertise that complements, and does not duplicate, the services offered by the other professionals.

7. The Debtor will have the benefit of such knowledge and experience as may be needed.

## SERVICES TO BE PROVIDED

8. The Debtor seeks the approval of the Application of Jalbert to provide services including, but not limited to, the following:

   i. Assessing the Debtor's business, financial obligations, operational needs, assets, business plan, reorganization/restructuring/liquidation strategy, and operating forecasts, and assessing go-forward options with respect to same;

   ii. Evaluating the Debtor's strategic and financial alternatives;

2

iii. Evaluating and/or planning for a potential 363 or other sale of the Debtor's assets (in whole or in part);

iv. Determining the amount of funding, and solicit, negotiate and secure Debtor in Possession funding and or other funding alternatives ("DIP Funding") as required to fund the Bankruptcy Case/ restructuring/ liquidation to completion (such lender providing such funding, the "Lender");

v. Creating a business or liquidation plan to present to the Debtor's stakeholders to address the Debtor's re-payment of or distribution plan for its outstanding indebtedness;

vi. Advising the Debtor on developing, evaluating, structuring and negotiating the terms and conditions of a plan of liquidation or for such other type of restructuring or liquidation;

vii. Communicating with the Debtor's stakeholders that may include, but are not limited to, the Debtor's vendors, customers, employees, officers, board, lenders, creditor committees, equity holders, along with Court officials, attorneys and other service providers, as required;

viii. Making employment related decisions following consultation with the Debtor's board, management, and counsel;

ix. Overseeing litigation related to claims asserted by and against the Debtor;

x. Monitoring daily cash allocation and cash management processes, including the preparation of reports to manage any budgets and associated financing. Assisting the Debtor in negotiations with creditors and other stakeholders;

xi. Preparation of Monthly Operating Reports required by the Office of the United States Trustee's office;

xii. Such other services as the Debtor may reasonably request and Jalbert may agree to perform, which may include, without limitation, advising the Debtor concerning obtaining additional financing, recruiting personnel, and the implantation of a turnaround plan.

9. Verdolino will provide services to the Debtor's CRO as necessary, and shall perform such duties as shall be requested or required by the Debtor and will report to the Debtor's management.

10. More specifically, the responsibilities of Verdolino shall include, but are not limited to assisting the CRO with: (i) analysis of the business, operational and financial conditions of the

Debtor; (ii) assisting the Debtor with managing short term liquidity, including preparation of 13-week cash flow forecast and monitoring short term liquidity; (iii) assisting the Debtor is preparing financial analyses; (iv) evaluating strategic alternatives; (v) assisting the Debtor with the preparation of data in order to prepare pleadings and fiduciary filings required; (vi) providing testimony on such matters that are within Verdolino's expertise; (vii) analysis of accounts receivable and recovering assets of the Debtor; (viii) executing restructuring initiatives, including structuring a plan of reorganization, selling all or part of the Debtor's assets, including any marketing thereof, or executing a wind-down of the Debtor's operations or otherwise liquidating assets as deemed appropriate; and (ix) supporting the Debtor in such matters as the Board of Director or Debtor shall request or require from time to time.

11. The services provided by Verdolino will complement, and are not duplicative of, the services to be rendered by other professionals retained in this Chapter 11 Case. Jalbert and the additional personnel will work collaboratively with the Debtor's other professionals to avoid unnecessary duplication of services.

## **DISINTERESTEDNESS**

12. I am not a law firm and do not "represent" clients in the sense that attorneys do, nor am I subject to licensing requirements or conflicts of interest regulations pursuant to state law.

13. I have reviewed a list of the parties of interest in this case and have determined that I hold no connections with any of these parties.

14. I hereby disclose, pursuant to Bankruptcy Rules 2014 and 5002, that I am not a relative of the bankruptcy judge approving this appointment, nor any employee of this Court. Therefore, I believe that the Court may approve my retention in this matter.

15. Additionally, I am not or do not, insofar as I have been able to ascertain:

4

    a)     a creditor of the Debtor;

    b)     a direct or indirect equity interest holder of the Debtor;

    c)     is or has been within two years before commencement of this Chapter 11 case, an officer, director or employee of the Debtor or an "insider" of the Debtor as that term is defined in § 101(31) of Title 11 of the United States Code, 11 U.S.C. § 101 (the "Bankruptcy Code");

    d)     presently provide services to a creditor or equity interest holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's estate on any matter that is related to the Debtor or the Debtor's estate;

    e)     has any other connection with the Debtor, its creditors, the Office of the United States Trustee or any employee of that office or any other parties in interest; or

    f)     has any other interest, direct or indirect, which may affect or be affected by the provision of services proposed hereunder.

16.     I will provide services to no entity other than the Debtor in connection with this Chapter 11 case.

17.     To the best of my knowledge, information, and belief, except as set forth herein, there are no other instances where I have, have had, or might be deemed to have or have had connections with the Debtor, creditors, or other parties in interest.

18.     Accordingly, I am a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

19.     Even though Verdolino is not a "professional" in this Chapter 11 Case, Verdolino undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or present an interest adverse to the Debtor. Specifically, Verdolino reviewed its connection with certain individuals and entities that may be parties in interest to this Chapter 11 Case that were reasonably made known to Verdolino by the Debtor. Such parties are listed on **Schedule 1** hereto (such parties, the "Potential Parties in Interest"). If additional potential

parties in interest are made known to Verdolino, it will review its connections with such parties and supplement this Declaration if additional information requiring disclosure is discovered.

20. Verdolino has or currently does represent, work with, or work against many parties in unrelated matters, but it is not currently representing, and has not represented in the last two years any Potential Parties in Interest other than those Parties in Interest disclosed in Schedule 1 attached hereto.

21. To the best of my knowledge, information, and belief, any representation by Verdolino of an entity listed in the proceeding paragraph (or known or apparent affiliates) was only on matters unrelated to the Debtor and this Chapter 11 Case. To the best of my knowledge, information, and belief, Verdolino has not represented any Potential Parties in Interest in connection with matters relating to the Debtor, its estate, assets or businesses and will not represent other entities which are creditors of, or have a relationship to, the Debtor in matters relating to this Chapter 11 Case. In addition, to the best of my knowledge, information, and belief, Verdolino has no connection with the U.S. Trustee or any person employed in the Office of the United States Trustee for the District of Delaware.

## COMPENSATION AND REIMBURSEMENT

22. Jalbert's and Verdolino's decision to advise and assist the Debtor in connection with this chapter 11 case is conditioned upon their ability to be retained in accordance with their customary terms and conditions of typical consulting arrangements. The fees charged by Jalbert and Verdolino will be based on the actual hours worked and standard hourly rates that are in effect at the time the Services are rendered. The Debtor agreed to pay Verdolino according to the following hourly rates for the services provided by its personnel based upon, among other things, each professional's level of experience and types of services being provided:

      a.      Craig A. Jalbert, CIRA - $540.00 per hour

      b.      Managers - $275.00 – 425.00 per hour

      c.      Staff - $225.00 - $395.00 per hour

      d.      Bookkeepers - $225.00 - $275.00 per hour

      e.      Clerical - $95.00 per hour

23. The professional fees for the CRO and other personnel shall be based on the actual hours charged at Verdolino's 2024 standard hourly rates for work of this nature. These rates are subject to periodic adjustment. The Debtor believes that Verdolino's fee structure is consistent with, and typical of, compensation arrangements entered into by Verdolino and other comparable firms in connection with the rendering of similar services under similar circumstances and that the rates are set at a level designed to fairly compensate Verdolino for its work and to cover fixed and routine overheard expenses.

24. In addition to compensation for professional services rendered by Jalbert and Verdolino, the Debtor will reimburse Jalbert and Verdolino for reimbursement of necessary direct out-of-pocket costs and expenses incurred in connection with this Chapter 11 case, including, but not limited to, reasonable travel expenses (including lodging expenses and business meals), telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, computerized research, and copying and mailing charges from outside vendors and transcription costs. Verdolino will charge the Debtor's bankruptcy estate for these expenses in a manner and at rates consistent with charges made generally to Verdolino's clients.

25. On April 3, 2024, retainer was paid by NDMAscedent, LLC, which is an entity controlled by the Debtor's former director Rebekah Mercer, to Verdolino in the amount of

7

$60,000.00 ("Retainer"). Prior to the Petition Date Verdolino incurred fees in the amount of $12,074. Verdolino drew down on the Retainer to pay these fees, leaving a balance of $47,926. This was the only payment made on behalf of the Debtor to Verdolino prior to and during the 90 days prior to the Petition Date. Verdolino is not owed any amounts by the Debtor for prepetition fees or expenses. Verdolino intends to keep the remaining amount of the Retainer throughout the Chapter 11 Case as security for payment of its fees and expenses and applied after approval by the Bankruptcy Court.

26.　Verdolino and I will not be required to file monthly or final fee applications with the court, but will file Staffing Reports that contain appropriate summary charts which describe the services provided, identify the compensation earned by person, and itemize the expenses incurred for the relevant period.

27.　No agreement or understanding exists between myself, Verdolino and any other person to share compensation received for services to be rendered in connection with services to be provided hereunder. No representations have been received or made by me or Verdolino, in respect of compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

28.　By reason of the foregoing, I believe that I am eligible to be the CRO to the Debtor and that Verdolino provide accompanying services to myself and the Debtor pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and applicable rules of bankruptcy procedure.

Pursuant to 28 U.S.C. § 176, I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 1, 2024　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　Craig R. Jalbert

9

**Schedule 1 (to Jalbert Declaration)**

[Disclosures of Connections]

(a) Proposed Chapter 11 Debtor's Counsel in this case is Bielli & Klauder, LLC. ("B&K"). David M. Klauder ("Klauder") is an employee/member of Bielli & Klauder, LLC. (collectively "B&K"). B&K represents various parties of interest in other wholly unrelated bankruptcy and non-bankruptcy cases where Verdolino and its employees are employed including, but not limited to: Exide Technologies (Case No. 13-11482-KLS) where B&K represents a creditor and I am the trustee and the Firm is my accountant and financial advisor; and, Smart Earth Technologies, Inc., et al (Case No. 23-11866-(KBO)(DE) where Klauder is the Sub-Chapter V Trustee and Verdolino is the Tax Preparer and Accountant..

(b) Brown Rudnick, LLP ("BR") represents an interested party that was a director and is an equity stakeholder in this case. BR represents various parties of interest in other wholly unrelated cases in which the Firm is also employed including, but not limited to: Reed and Barton Corporation (Case No. 15-10534-HJB) where BR represented the Creditor's Committee and the Firm was the Debtor's Accountant and Financial Advisor and I was the post-petition Estate fiduciary; Corinthian Colleges, Inc. (Case No. 15-10952-KJC) where BR represented the Creditors' Committee and I am the Post Confirmation Fiduciary and the Firm is my financial advisor; Cosi, Inc. et al (Case No. 16-13704-MSH) where BR represented a Creditor and I was the Post-Confirmation Liquidating Trustee; FIAC, Inc. (Case No. 16-12238-BLS) where BR was Counsel to the Trustee and the Firm is the Trustee's Accountant; Bulbs and Lamps Corp. (Case No. 17-13196-

JNF) where BR represented a Creditor and the Firm was the Trustee's Accountant; F-Squared Investment Management, LLC (Case NO. 15-11469-LSS) where BR represented the Unsecured Creditors' Committee and the Firm was my Accountant and Financial Advisor; Exide Technologies (Case No. 13-11482-KLS) where BR represents an Interested Party and I am the Post-Confirmation Trustee and Firm is Accountant and Financial Advisor and BR was my Counsel; HMH Media, Inc. (Case No. 17-12881-LSS) where BR was Co-Counsel to the Debtors and was the post-confirmation fiduciary and the Firm was my Accountant and BR was my counsel; Ho Wan Kwok (Case No. 22-50073-JAM) where BR was Chapter 11Debtor's counsel and the Firm was the Debtor's proposed Financial Advisor; an out of court matter where BR is the Pro Bono Counsel and the Firm is the Pro Bono Accountant; Lyondell Chemical Company (Case No. 09-10023-MG) where BR was formerly counsel to a certain Trustee and the Firm is the administrator for certain Trusts; The Northwest Company, LLC (Case No. 20-10990-MEW) where BR was Counsel to a creditor and I was the Independent Manager; Mallinckrodt PLC, et al.,(Case No. 20-12522-JTD) where BR represents a governmental ad hoc committee and the post-confirmation fiduciary and the Firm is the Trustee's Accountant; Purdue Pharma, LP (Case No. 19-23649-RDD) where BR is Co-counsel to the AD Hoc Committee and the Firm is the Administrator to the AD Hoc Committee. The Firm does not represent BR, its attorneys or its client in this case.

(c) Stephen S. Gray ("Gray") is the recently appointed sole Director and president, treasurer and secretary of the Debtor. For many years, the Firm has represented

11

        Gray in his capacity as Chapter 7 and 11 Trustee in other wholly unrelated matters. Most recently the firm has represented Gray in matters including, but not limited to: Sammy Eljamal (Case No. 15-22872-RDD)(SDNY); Wonderwork, Inc. (Case No. 16-13607-MKV)(SDNY); FIAC, Inc. (Case No. 16-12238-BLS)(DE); and, 96 Wythe Acquisition LLC (Case No. 21-22108-RDD)(SDNY).

(d)     In addition, Gray represents or has represented various parties of interest in other wholly unrelated bankruptcy cases in which the Firm and its employees are employed including, but not limited to: HMH Media, Inc. (Case No. 17-12881-LSS) where Gray was an Independent Director and I was the Post Confirmation Fiduciary; Pier 1 Imports, Inc. where Gray is the Post-Confirmation Fiduciary and the Firm is his tax preparer; Old CFP, LLC where Gray was an Independent Director and I was the Assignee in an Assignment for the Benefit of creditors; FCIA Liquidation Trust where Gray was the post confirmation fiduciary and the Firm was his tax preparer; Kossoff LLC (Case No. 21-10699-DSJ) where Gray and the Firm are retained as forensic advisors by the chapter 7 trustee; and, LongRun P.B.C. (Case No. 23-10140-CJP)(MA) where Gray was the Sub-Chapter V Trustee and the Firm was Debtor's Accountant and Financial Advisor.

(e)     Arent Fox Schiff, LLP ("AFS") represents an individual with a security interest in all of the Debtor's assets and certain voting rights and is an officer and director of the two Debtor subsidiaries, Dynascale and Alchemy in this case. AFS represents or represented (or both) various parties of interest in other wholly unrelated cases in which the Firm is also employed including, but not limited to: David Anthony Smith (Case No. 18-12272-JEB)(MA) where AFS represents the Debtor

and the Firm is the Trustee's Accountant; LP&D, Inc. (Case No. 12-14894-FJB)(MA) where AFS is the Mediator and the Firm is the Trustee's Accountant; Arlington Auto Body, Inc. (Case No. 20-12222-JEB)(MA) where AFS is Counsel to the Trustee and the Firm is the Trustee's Accountant; Lavallee's Bakery Distributors, LLC (Case No. 20-12086-JEB)(MA) where AFS is Counsel to the Trustee and the Firm is the Trustee's Accountant, Shamrock Finance, LLC (Case No. 21-10315-FJB)(MA) where AFS represents a creditor and the Firm is the Accountant and Financial Advisor to the Debtor; an out of Court matter where AFS is debtor's counsel and I am the sole officer and director; La Casa de Pedro, Inc. (Case No. 18-11916-JEB)(MA) where AFS represents a creditor and the Firm is the Trustee's Accountant; an out of court matter where AFS represented the Debtor and I am the Sole Officer and Director; Auditorium Café, Inc. (Case No. 21-11172-FJB)(MA) where AFS represents a creditor and the Firm is the Trustee's Accountant; Edition Logistics (Case No. 22-10990-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustee's Accountant; Precision Delivery Solutions, LLC (Case No. 22-10991-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustee's Accountant; North East Freightways, LLC (Case No. 22-10992-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustee's Accountant; New York Express and Logistics, LLC (Case No. 22-10993-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustee's Accountant; DHLNH, LLC (Case No. 22-10994-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustee's Accountant; LAX, LLC (Case No.

22-10995-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustee's Accountant; Greensill Capital, Inc. (Case No. 21-10561-MEW)(SDNY) where AFS represented the Creditors' Committee and I am the Post Confirmation Fiduciary and AFS is my counsel and the Firm is my accountant; Simplicity Ma, LLC (Case No. 23-40877-CJP)(MA) where AFS represents a creditor and the Firm is the Trustee's Accountant: and, ViviSource Laboratories, Inc. (Case No. 12-18788-JEB)(MA) where AFS represents the Debtor and the Firm is the Trustees Accountant. The Firm does not represent AFS, their attorneys or their client in this case.