**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Parlement Technologies, Inc., (f/k/a Parler LLC, f/k/a Parler Inc.), | Case No. 24-10755 (CTG) |
| Debtor. | **Hearing Date: May 29, 2024 @ 3:00 p.m. (ET)** **Objection Deadline: May 22, 2024 @ 4:00 p.m. (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES**
**FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR PROFESSIONALS**

The above-captioned debtor (the "Debtor") hereby files this motion (the "Motion") for entry of an order substantially in the form attached hereto (the "Proposed Order"), pursuant to section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended or modified, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for professionals. In support of this Motion, the Debtor respectfully state as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The basis for the relief requested herein are Bankruptcy Code section 331, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

3. On April 15, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

## RETENTION OF PROFESSIONALS

4. The Debtor has filed applications seeking authorization to retain and employ various professionals in this Chapter 11 Case, including: (i) Bielli & Klauder, LLC, as counsel to the Debtor, (ii) Verdolino & Lowey, P.C., as chief restructuring officer to the Debtor, and (iii) Reliable Companies, as claims and noticing agent to the Debtor. In addition, the Debtor anticipates filing other retention applications in the case including special counsel and an investment banker (all professionals that have been or will be retained by the Debtors are collectively referred to herein as the "Professionals").

## RELIEF REQUESTED

5. By this Motion, the Debtor seeks entry of the attached Proposed Order establishing an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for Professionals who are retained pursuant to Bankruptcy Code section 327 and are required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331. In addition, the Debtor requests entry of the Proposed Order establishing procedures for reimbursement of reasonable out-of-pocket expenses incurred by the Professionals.

## THE PROPOSED COMPENSATION PROCEDURES

6. The Debtor proposes that the payment of compensation and reimbursement of expenses of the Professionals be governed by the following procedures (the "Compensation Procedures"):

(a)      On or about the 15th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may (i) file a monthly fee application (the "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") with the Court and (ii) serve the Monthly Fee Application on each of the following parties: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to any Debtor-in-Possession lender; (3) counsel to all of the Debtor's prepetition secured creditors; (4) the Debtor's counsel; and (5) counsel to any official committee appointed in this case (each, a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law.

(b)      Each Notice Party will have twenty-one (21) days (or the next business day if such day is not a business day) after filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (c) hereof.

(c)      If any party in interest objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection"), which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty-one (21) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d)      Each Professional may submit its first Monthly Fee Application on or after June 15, 2024, and such Monthly Fee Application shall be for the period from the Petition Date through and including May 31, 2024.

(e)      Beginning with the approximate three (3) month period from the Petition Date, at three (3) month intervals thereafter or such other intervals convenient to the Court

(the "Interim Fee Period"), each Professional may file with the Court and serve on the Notice Parties a request, pursuant to Bankruptcy Code section 331, for interim Court approval and allowance of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Interim Fee Period (an "Interim Fee Application"). The Interim Fee Application must include a brief description identifying (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 21st day following service of the applicable Interim Fee Application.

(f)     Each Professional shall file and serve its Interim Fee Application within forty-five (45) days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Fee Application shall cover the period from the Petition Date and through and including July 31, 2024, and may be filed on or before September 14, 2024.

(g)     The Debtor shall request a hearing on the pending Interim Fee Applications at least every six (6) months. The Debtor, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(h)     The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise. In addition, any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by such Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

7.     The Debtor further requests that the Court limit service of interim fee applications and final fee applications (collectively, the "Applications") to the Notice Parties. Subject to the Court's approval, other parties that have filed a request for notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case will only receive notice of hearings on the Applications (collectively,

the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in the Chapter 11 Case to review and object to the Professionals' fees and reimbursement requests and will save unnecessary duplication and mailing expenses.

**BASIS FOR RELIEF REQUESTED**

8.      Pursuant to Bankruptcy Code section 331, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred and twenty days (120) days, or more often if permitted by the court. *See* 11 U.S.C. § 331. In addition, Bankruptcy Code section 105(a) authorizes the court to issue any order "necessary or appropriate to carry out the provisions of the Bankruptcy Code," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

9.      Procedures comparable to the Compensation Procedures have been established in other chapter 11 cases in this District. See, e.g., *In re Saladworks, LLC,* Case No. 15-10327 (LSS) (Bankr. D. Del. Mar. 11, 2015); *In re Edgenet, Inc.,* Case No. 14-10066 (BLS) (Bankr. D. Del. Mar. 10, 2014); *In re OCZ Tech. Group, Inc.,* Case No. 13-13126 (PJW) (Bankr. D. Del. Jan. 8, 2014); *In re Tri-Valley Corp.,* Case No. 12-12291 (MFW) (Bankr. D. Del. Aug. 28, 2012); *In re Barnes Bay Development Ltd.,* Case No. 11-10792 (PJW) (Bankr. D. Del. Apr. 12, 2011); *In re CB Holding Corp.,* Case No. 10-13683 (MFW) (Bankr. D. Del. Dec. 13, 2010).

10.      Factors to consider in establishing interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the Debtors in providing services necessary to achieve a successful reorganization of the Debtors." *See, e.g., In re Int I Horizons, Inc.,* 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). The size of this Chapter 11 Case and the amount of time and effort that will be required from the Professionals justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary

to ensure that the Professionals are fairly and timely compensated for their services in the Chapter 11 Case and are not forced to bear undue financial burden or risk caused by delays in payment.

11.    The Debtor submits that the efficient administration of the Chapter 11 Case will be significantly aided by establishing the Compensation Procedures. Accordingly, the relief requested herein is in the best interests of the Debtor, their estate, creditors and all parties in interest.

## NOTICE

12.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee (ii) counsel for the prepetition secured parties; (iii) the Debtor's twenty largest unsecured creditors; and (iv) all parties who have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice of this Motion is required.

## NO PRIOR REQUEST

13.    No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto, establishing the Compensation Procedures and granting such other and further relief as the Court deems just and proper.

Dated: May 14, 2024
Wilmington, Delaware

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
dklauder@bk-legal.com

*Proposed Counsel for the Debtor*