# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Parlement Technologies, Inc.,<br>(f/k/a Parler LLC, f/k/a Parler Inc.),<br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>**Re: Docket No. 11** |

## ORDER AUTHORIZING RETENTION AND
## APPOINTMENT OF RELIABLE COMPANIES AS CLAIMS AND NOTICING AGENT

Upon the application (the "Application")[1] of the above-captioned debtor (the "Debtor") for entry of an order (this "Order"), authorizing the Debtor to retain and appoint Reliable Companies d/b/a Reliable ("Reliable") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtor's chapter 11 case and (c) provide such other administrative services, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. Notwithstanding the terms of the Engagement Agreement attached hereto as Exhibit 1, the Application is approved solely as set forth in this Order.

2. The Debtor is authorized to retain Reliable as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Reliable is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case (if any), and all related tasks, all as described in the Application.

3. Reliable shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case (if any) and is authorized and directed to maintain official claims registers for the Debtor, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Reliable is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Reliable is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtor is authorized to compensate Reliable in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Reliable and the rates charged for each, and to reimburse Reliable for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Reliable to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Reliable shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. With respect to services provided prior to the effective date of a chapter 11 plan in this chapter 11 case, Reliable shall serve monthly invoices on the Debtor, the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party-in-interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Reliable under this Order shall be an administrative expense of the Debtor's estate.

10. Reliable may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and, thereafter, Reliable may hold its advance under the Engagement Agreement during the chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The Debtor shall indemnify Reliable under the terms of the Engagement Agreement, as modified pursuant to this Order.

12. Reliable shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify Reliable, or provide contribution or reimbursement to Reliable, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Reliable's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtor alleges the breach of Reliable's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Reliable should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this chapter 11 case, Reliable believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Reliable must file an application therefor in this Court, and the Debtor may not pay any such amounts to Reliable before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Reliable for

indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Reliable.  All parties in interest shall retain the right to object to any demand by Reliable for indemnification, contribution, or reimbursement.

15. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

16. In the event Reliable is unable to provide the services set out in this Order, Reliable will immediately notify the Clerk and the Debtor's counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's counsel.

17. The Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Reliable but is not specifically authorized by this Order.

18. The Debtor and Reliable are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. Reliable shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

23. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

24. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

25. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 23rd, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**