**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>Parlement Technologies, Inc.,<br>(f/k/a Parler LLC, f/k/a Parler Inc.),<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>**Hearing Date: June 28, 2024 @ 10:00 a.m. (ET)**<br>**Objection Deadline: June 21, 2024 @ 4:00 p.m. (ET)** |

**APPLICATION TO EMPLOY AND RETAIN DAVID J. MERRILL P.C. AS
SPECIAL COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Parlement Technologies, Inc. (f/k/a Parler LLC, f/k/a Parler Inc.), (the "Debtor"), files this Application to Employ and Retain David J. Merrill P.C. ("DJM") as Special Counsel for the Debtor, *Nunc Pro Tunc* to the Petition Date (the "Application") pursuant to Sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtor further seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"). The facts and circumstances supporting this Application are set forth in the Declaration of David J. Merrill, Esq., a member of and on behalf of David J. Merrill P.C., in Support of this Application (the "Merrill Declaration"), attached hereto as **Exhibit B**. In support of the Application, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought by this Application is based upon sections 327(e), 327(c), 328, 330 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and has been filed in accordance with Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On April 15, 2024 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case (the "Chapter 11 Case").

## RELIEF REQUESTED

4. By this Application, the Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the retention and employment of DJM as special counsel, effective *nunc pro tunc* to the Petition Date, under Bankruptcy Code section 327(e), Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-2.

5. Prior to the Petition Date, DJM represented the Debtor in litigation commenced on March 22, 2021, instituted by John Matze against Parler LLC and other defendants in a case captioned *John Matze v. Parler LLC, NDMAscendant, LLC, Jeffrey Wernick, Mark Meckler, Dan Bongino, Rebekah Mercer, et al.* in the Eighth Judicial District Court, Clark County, Nevada, assigned case no. A-21-831556-B ("Nevada Litigation"). As the Debtor's defense counsel, DJM assisted in court pleadings and filings, motions and hearings, and protracted discovery disputes.

6. The Debtor has removed the Nevada Litigation from state court to federal court in a case captioned *John Matze v. Parler LLC, et al.,* (No. 2:24-cv-00826-ART-NJK). DJM has moved to transfer venue to Delaware to have the Nevada Litigation properly addressed in the Bankruptcy Court. DJM filed the necessary pleadings to effectuate that transfer.

7. The Debtor will continue to need DJM's services in connection with the Nevada Litigation matters during this chapter 11 case. Indeed, it would be difficult and costly for the

Debtor to replace DJM with substitute counsel for these matters, and the Debtor believes that any substitute counsel would not be as effective or valuable to the Debtor as counsel on these matters.

8. The Debtor seeks to employ DJM as its special counsel because of DJM's considerable experience in matters of the nature of the Nevada Litigation and previous involvement in the Nevada Litigation on behalf of the Debtor.

9. Accordingly, DJM is both well-qualified and uniquely able to represent the Debtor in an efficient and timely matter.

## STANDARDS FOR APPROVING EMPLOYMENT AND RETENTION OF COUNSEL

10. The Debtor seeks approval of the retention and employment of DJM as its special counsel pursuant to Bankruptcy Code sections 327(e) and 328(a). Bankruptcy Code section 328(a) provides, in pertinent part, that a debtor, with the court's approval, "may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . ." 11 U.S.C. § 328(a).

11. Bankruptcy Code section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

12. Moreover, Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment by a debtor in possession under Bankruptcy Code section 327 solely because of such person's employment by or representation of the debtor before the commencement

3

of the case." 11 U.S.C. § 1107(b).

13. Furthermore, retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Messpierson Inc. v. Strategic Telecom Inc.,* 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

14. Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtor's cases, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. *In re Vouzianas,* 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

15. As stated in the Merrill Declaration, DJM, as required by Bankruptcy Code section 327(e), does not hold or represent an interest adverse to the Debtor's estate with respect to the matters on which DJM is proposed to be employed, and has no connection to the Debtor, its creditors, or any parties in interest, except as may be disclosed in the Merrill Declaration. Further, the Debtor submits that the retention of DJM is appropriate and complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## **PROFESSIONAL COMPENSATION**

16. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly

4

basis. DJM intends to apply for compensation for professional services rendered in connection with the Chapter 11 Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by DJM.

17. DJM has advised the Debtor that the current hourly rates applicable to the principal attorneys proposed to represent the Debtor are:

    a.    David J. Merrill (Member) - $475 per hour.

18. The hourly rates set forth above are DJM's 2024 standard hourly rates for work of this nature. These rates are subject to periodic adjustment. They are set at a level designed to fairly compensate DJM for its work and to cover fixed and routine overheard expenses.

19. As to expenses, DJM charges its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and copying and mailing charges from outside vendors and transcription costs. DJM will charge the Debtor's bankruptcy estate for these expenses in a manner and at rates consistent with charges made generally to DJM's clients.

20. DJM intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Merrill Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications.

21.     As of the Petition Date, the Debtor owes DJM fees totaling $3,281.00 for services provided to the Debtor in connection with the Nevada Litigation, the payment of which is subject to limitations contained in the Bankruptcy Code.

## SERVICES TO BE PROVIDED

22.     The Debtor anticipates that, in this chapter 11 case, the professional services that DJM will render to the Debtor may include: appearances is court, filing and responding to motions, discovery issues, and any other issues arising from or related to the Nevada Litigation.

23.     The Debtor may, from time to time, request that DJM undertake specific matters beyond the scope of the responsibilities set forth above. Should DJM agree to undertake any specific matter, DJM will submit an additional retention order authorizing the provision of such additional services.

24.     The Debtor requires knowledgeable counsel to render these critical professional services and DJM has substantial expertise in these areas.   As a result, DJM is well-qualified to perform these services and represent the Debtor's interests in this chapter 11 case.   Subject to the Court's approval of this Application, DJM is willing to serve as the Debtor's special counsel pursuant to section 327(e) of the Bankruptcy Code, effective as of the Petition Date, and to perform the services described above.

## *NUNC PRO TUNC* APPROVAL

25.     The Debtor requests that DJM's retention be made effective, *nunc pro tunc*, as of the Petition Date in order to allow DJM to be compensated for the substantial work it has performed for the Debtor since that date, but prior to the Court's consideration of this Application.

26.     The Debtor commenced this case on April 15, 2024, and this Application has been prepared and submitted as promptly as possible under the expedited circumstances of the Chapter

11 Case. The Debtor believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment of DJM because DJM has provided and continues to provide valuable services to the Debtor's estate during this period. The Debtor submits that under the circumstances, retroactive approval of the Application to the Petition Date is warranted. *See F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103 (3d Cir. 1988).

## NOTICE

27. The Debtor will provide notice of this Application to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to all of the Debtor's prepetition secured creditors; (iii) the Debtor's top twenty (20) unsecured creditors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be given.

28. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court (i) enter the Proposed Order authorizing the employment of DJM under the terms specified to represent it as bankruptcy counsel for the Debtor in this case under chapter 11 of the Bankruptcy Code and approving its employment as set forth herein effective as of the Petition Date; and (ii) grant the Debtor such other and further relief as is just and proper.

Dated: June 7, 2024  
       Wilmington, Delaware

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*  
David M. Klauder, Esquire (No. 5769)  
1204 N. King Street  
Wilmington, DE 19801  
Phone: (302) 803-4600  
Email: dklauder@bk-legal.com

*Counsel to the Debtor*