**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>Parlement Technologies, Inc.,<br>(f/k/a Parler LLC, f/k/a Parler Inc.),<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>**Hearing Date: June 28, 2024 at 10:00 a.m. (ET)**<br>**Objection Deadline: June 21, 2024 at 4:00 p.m. (ET)** |

**DEBTOR'S MOTION FOR EXTENSION OF AUTOMATIC STAY**
**TO LITIGATION AGAINST NON-DEBTOR AND RELATED RELIEF**

Parlement Technologies, Inc. f/k/a Parler LLC, and f/k/a Parler Inc. (the "Debtor"), by and through its undersigned counsel, hereby moves (the "Motion") the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 362 to extend the automatic stay (the "Automatic Stay")n granted to the Debtor by the filing of this bankruptcy case to litigation against non-debtors pending in the United States District Court for the District of Nevada to prevent immediate adverse economic consequences. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

2.      The statutory predicates for the relief sought herein are sections 105(a) and 362 of the Bankruptcy Code, and the procedural predicates are Rules 2002 and 9014 of the Bankruptcy Rules.

## BACKGROUND

3.      The Debtor is a privately owned corporation that initially developed and operated the conservative social media platform Parler. The Parler platform was a microblogging service that was both a website and app. The Parler App launched in August 2018 and served as an alternative to larger mainstream social media platforms such as Twitter and Facebook.

4.      Additional information regarding the Debtor's business and the circumstances leading to the commencement of the chapter 11 case is set forth in the Declaration of Craig Jalbert in Support of the Debtor's Chapter 11 Petition and Bankruptcy Case [Docket No. 42] (the "First Day Declaration").

5.      On April 15, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      Since the Petition Date, the Debtor has been negotiating a potential Debtor-in-Possession financing package with certain parties. The professionals retained by the Debtor prior to the Petition Date received retainers from a third-party NDMAscendant, LLC ("NDMA"). However, those retainers are not sufficient to fund the administrative expenses of this case, so it is imperative that the Debtor obtain financing in order to proceed with this case.

7.      The Debtor has obtained a DIP Loan Commitment from NDMA, and the Debtor filed a *Motion For Entry an Order (a) Authorizing Debtor to Obtain Post-Petition Financing and*

*to Grant Security Interests Priority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (b) Utilize Cash Collateral and Pay Certain Related Fees and Charges; and (c) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362* (the "DIP Motion"). By the DIP Motion, the Debtor requests authorization for it to obtain the DIP Financing, which if approved would consist of post-petition financing in a total amount of $1,200,000.00. The DIP Financing will provide the Debtor additional cash to (a) liquidate the Debtor's assets, and to otherwise fund the costs of administration of the Borrowers' chapter 11 estates; (b) to repay the short-term loans made by Lender to the Debtor to minimize administrative expenses in Debtor's chapter 11 case by funding retainers for its retained professionals; and (c) to pursue estate causes of action.

8. Prior to the Bankruptcy, the Debtor was involved in prepetition litigation. On March 22, 2021, John Matze ("Matze") instituted litigation against Parler LLC and other defendants in a case captioned *John Matze v. Parler LLC, NDMAscendant, LLC, Jeffrey Wernick, Mark Meckler, Dan Bongino, Rebekah Mercer, et al.* in the Eighth Judicial District Court, Clark County, Nevada, assigned case no. A-21-831556-B ("Nevada Litigation"). The Nevada Litigation stems from Matze's removal as Chief Executive Office, Manager and Member of Parler. Matze alleged pursuant to an orchestrated conspiracy he was abruptly ousted from Parler and his ownership interest stripped, alleging millions in damages, in addition to punitive damages. Certain of the defendants in the Nevada Litigation have filed counterclaims against Matze. The Nevada Litigation is ongoing, although the Debtor asserts the automatic stay applies to Defendant Parler, LLC as a result of it being the predecessor company to the Debtor.

9. On or about May 1, 2024, the Debtor filed a Petition for Removal of the Nevada Litigation to the United States District Court of Nevada, assigned case no. 2:24-cv-00826-ART-NJK.

3

10. On or about May 8, 2024, the Debtor filed a Motion to Transfer Venue from the District Court in Nevada to the District Court in Delaware ("District Court Litigation").

11. On May 22, 2024, Matze filed a Countermotion for Abstention and/or Remand. Since the Motion to Transfer and Motion for Remand are opposed, the Debtor and non-debtors NDMAscendant LLC, Mark Meckler, and Rebekah Mercer are (collectively, the "Non-Debtors") required to engage in extensive and costly discovery.

12. Pursuant to an Order entered in the District Court Litigation dated June 4, 2024, the Non-Debtors must file a joint status report on discovery on or before June 18, 2024.

13. The District Court Litigation implicates the Debtor and a continuation of the matter will prejudice the Debtor by adverse rulings with respect to Matze's claim, which should be adjudicated in the Debtor's bankruptcy case.

14. The Debtor has filed a *Motion to for Entry of an Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Motion"). The Bar Date Motion will establish August 1, 2024 as the date for creditors to file claims in the Debtor's bankruptcy case.

15. Once the Bar Date is established, and nongovernmental claims are filed, the Debtor will be in a position to determine what claim Matze asserts against the Debtor's estate and how the claim can be addressed in the Chapter 11 and the Debtor's plan.

16. It is prejudicial to the Debtor if the District Court Litigation continues without the Debtor having an appreciation of how that litigation will impact its bankruptcy, via the Matze claim.

17. The Debtor avers that the circumstances of this case require an extension of the automatic stay to Non-Debtors in the District Court Litigation for a period of sixty (60) days,

4

ending on August 30, 2024, which would provide the Debtor time to review the Matze claim in the bankruptcy.

## RELIEF REQUESTED AND BASIS THERETO

18. By this Motion, the Debtor seeks to extend the Automatic Stay to the Non-Debtors in the District Court Litigation until August 30, 2024, without prejudice to the Debtor's ability to seek further extensions if warranted.

19. An extension of the Automatic Stay will allow the Debtor to proceed to address the Matze claim, which presumably will be filed on or before August 1, 2024, and allow the Debtor to move forward with its chapter 11 case to, among other things, a confirmable chapter 11 plan. Moreover, the extension of the Automatic Stay will prevent immediate irreparable injury to the Debtor that may result if the District Court Litigation goes forward including responses to the court's directives regarding discovery.

20. Section 362 of the Bankruptcy Code states that an application for bankruptcy operates as a stay, applicable to any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a).

21. As intended by Congress, the automatic stay serves as a breathing spell for debtors, providing a break from collection efforts and harassment from creditors. *Fields Station LLC v. Capitol Food Corp of Fields Corner* (*In re Capitol Food Corp. of Fields Corner*), 490 F.3d 21, 25-26 (1st Cir. 2007) *quoting* H.R.Rep. No. 95-595 at 340 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 at 6296-97.

22. The automatic stay serves several purposes. First, it gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions.

5

The stay permits a bankrupt to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy. Second, the stay protects creditors by preventing particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors. *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

23. The automatic stay granted to a debtor when filing for bankruptcy may be extended to non-debtors if necessary to "suspend actions that pose a serious threat to a corporate debtor's reorganization efforts." *Ochs v. Lipson (In re First Cent. Fin. Corp.)*, 238 B.R. 9, 19 (Bankr. E.D.N.Y. 1999); *see also Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.),* 115 Fed.Appx. 565, 570 (3d Cir.2004)("The standard for the grant of a stay is generally 'whether the litigation could interfere with the reorganization of the debtor.'"), *quoting In re A.H. Robins Co.,* 828 F.2d 1023, 1025 (4th Cir. 1987).

*24.* Courts will stay actions against non-debtors associated with the debtor under § 362(a)(1) when "unusual circumstances" are present. *See In re A.H. Robins Co.,* 788 F.2d 788 F.2d 994, 999 (4th Cir. 1986)).

*25.* As the case law demonstrates, Courts have found "unusual circumstances" where "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *McCartney v. Integra National Bank North*, 106 F.3d 506, 510 (3d Cir.1997) (*quoting A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986)) ("An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case".)

26. If the District Court Litigation continues on track, it could greatly increase the claims against the Debtor's estate because the Non-Debtors are all or almost all indemnified by the Debtor. Moreover, the claims asserted by Matze are derivative of the Debtor's liability.

27. It is clear in this case that the true party in the District Court Litigation is the Debtor, and that any rulings in the matter will have a direct impact and potentially cause irreparable injury to the Debtor.

28. The extension of the automatic stay to protect the Non-Debtor is necessary and appropriate under the circumstances of this Chapter 11 case.

29. Rulings in the District Court Litigation could prevent the Debtor from successfully administering its estate and formulating a plan.

30. In addition, dispute over remand of District Court Litigation dispute is reducing the effectiveness of the automatic stay with respect to the Debtor, and hindering its ability to move forward with its bankruptcy proceeding.

31. If the protections of the automatic stay are extended to the Non-Debtors, there will be minimal harm to Matze, as the Debtor is not seeking a permanent injunction, but only a temporary stay. Additionally, the extension of the automatic stay will provide a substantial benefit to the Debtor's estate as it will dramatically increase the ability of the Debtor to reorganize.

32. The Debtor requests authority to seek an extension of the automatic stay as to other non-debtor(s) if the need arises, as well as requesting an extension of the automatic stay as to the District Court Litigation and Non-Debtors in the future. For now, the Debtor simply is requesting a temporary stay as it determines what claim Matze will have in this Chapter 11 Case (if any) and how it may be treated in a chapter 11 plan.

33. Given the entanglement of the Debtor's interest in the District Court Litigation unusual circumstances exist to extend the automatic stay to the Non-Debtors.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order extending the protections of the Automatic Stay to the Non-Debtors for sixty (60) days through August 30, 2024, without prejudice for the Debtor to seek additional extensions, and for such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: June 14, 2024<br>Wilmington, Delaware | **BIELLI & KLAUDER, LLC**<br><br>*/s/ David M. Klauder*<br>David M. Klauder, Esquire (No. 5769)<br>1204 N. King Street<br>Wilmington, DE 19801<br>Phone: (302) 803-4600<br>Email: dklauder@bk-legal.com<br><br>*Counsel to the Debtor* |