**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>Parlement Technologies, Inc.,<br>(f/k/a Parler LLC, f/k/a Parler Inc.),<br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>**Re: Docket No. 28** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**PROFESSIONALS**

Upon consideration of the *Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Motion")[1] of the above-captioned debtor (the "Debtor") for entry of an order establishing procedures for interim compensation and expense reimbursement for professionals whose retentions are approved by this Court (collectively, the "Professionals") pursuant to Bankruptcy Code section 327 and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331 on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2 and the Court having reviewed the Motion; and it appearing that the relief requested is in the best interests of the Debtor, their estate, creditors and all other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a Professional, all Professionals may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

(a) On or about the 15th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may (i) file a monthly fee application (the "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") with the Court and (ii) serve the Monthly Fee Application on each of the following parties: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to any Debtor-in-Possession lender; (3) counsel to all of the Debtor's prepetition secured creditors; (4) the Debtor's counsel; and (5) counsel to any official committee appointed in this case (each, a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law.

(b) Each Notice Party will have twenty-one (21) days (or the next business day if such day is not a business day) after filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (c) hereof.

(c) If any party in interest objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection"), which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty-one (21) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application

hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d) Each Professional may submit its first Monthly Fee Application on or after June 15, 2024, and such Monthly Fee Application shall be for the period from the Petition Date through and including May 31, 2023.

(e) Beginning with the approximate three (3) month period from the Petition Date, at three (3) month intervals thereafter or such other intervals convenient to the Court (the "Interim Fee Period"), each Professional may file with the Court and serve on the Notice Parties a request, pursuant to Bankruptcy Code section 331, for interim Court approval and allowance of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Interim Fee Period (an "Interim Fee Application"). The Interim Fee Application must include a brief description identifying (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 21st day following service of the applicable Interim Fee Application.

(f) Each Professional shall file and serve its Interim Fee Application within forty-five (45) days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Fee Application shall cover the period from the Petition Date and through and including July 31, 2024, and may be filed on or before September 14, 2024.

(g) The Debtor shall request a hearing on the pending Interim Fee Applications at least every six (6) months. The Debtor, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(h) The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise. In addition, any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by such Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

3. The professionals shall be required to serve the Monthly Fee Applications, Interim Fee Applications, and any final fee applications only upon the Notice Parties. The Professionals shall not be required to serve Monthly Fee Applications, Interim Fee Applications, or final fee applications upon parties that have filed a request for notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case; however, such parties must be served with notice of hearings on Interim Fee Applications and final fee applications; and it is further ORDERED that neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation of fees and reimbursement of expenses under the Compensation Procedures, nor (b) the filing of or the failure to file an Objection will prohibit any party in interest or the Court from raising any objection with respect to the final allowance of Professional fees or expenses.

4. Nothing in the Motion or this Order, nor as a result of the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim; (iii) an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365; or (iv) authorization for the Debtor to make any payment to an insider (as defined in Section 101(31) of the Bankruptcy Code).

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; <u>provided, however</u>, that the Debtor may only make payments to professionals pursuant to an authorized budget in any Debtor-in-Possession financing order entered in the case. In addition, the Debtor may only make payments to any professional that do not exceed the accrued and unpaid allocation for such professional or class of professionals as provided in such authorized budget as of the date a payment is made. The Debtor

4

5

may only make payments to Professionals using funds that have been released from any party's valid liens and have been approved for use by by a debtor-in-possession financing order.

6. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

7. The Court further holds that the Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**Dated: June 17th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**