**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Parlement Technologies, Inc.<br>(f/k/a Parler LLC, f/k/a Parler Inc.)<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>Hearing Date: August 12, 2024 at 10:00 a.m. (ET)<br>Objection Deadline: July 22, 2024 at 4:00 p.m. (ET) |

**MOTION OF THE DEBTOR PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9006(b) FOR AN ORDER ENLARGING THE
TIME TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits this motion (the "Motion") pursuant to 28 U.S.C. § 1452 and rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, extending the Debtor's time to file notices or motions for removal of related proceedings. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the above-captioned chapter 11 case (this "Chapter 11 Case"), the Debtor, and this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final order or judgment by the Court with respect to this Motion if it is

11595682v.4

determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. Venue of this Chapter 11 Case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein is 28 U.S.C. § 1452, as supplemented by Bankruptcy Rules 9006(b) and 9027, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

**A.    General Background**

5. On April 15, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case.

6. A comprehensive description of the Debtor's business, operations, and capital structure as of the Petition Date and the events leading to the commencement of the Chapter 11 Case can be found in the *Declaration of Craig Jalbert in Support of Debtor's Chapter 11 Petition and Bankruptcy Case* [Docket No. 42] (the "First Day Declaration"),[1] which is incorporated herein by reference.

**B.    The Initial Removal Deadline**

7. Pursuant to Bankruptcy Rule 9027(a)(2), the time within which the Debtor must file motions to remove any pending civil action (the "Removal Deadline") is "the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." 11 U.S.C. § 9027(a)(2). Accordingly, the Removal Deadline is set to expire on July 12, 2024.

## RELIEF REQUESTED

8. By this Motion, the Debtor respectfully requests entry of an order, pursuant to Bankruptcy Rule 9006(b)(1), extending the time under Bankruptcy Rule 9027(a) to file notices of removal of civil actions and proceedings to which the Debtor is or may become party (the "Civil Actions") for approximately one hundred and twenty (120) days through and including November 11, 2024.[2] The Debtor requests that the proposed November 11, 2024 deadline to file notices of removal apply to all matters specified in Bankruptcy Rule 9027(a)(2).

9. The Debtor further requests that the Proposed Order approving this Motion be without prejudice to (a) any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against the Debtor, and (b) the right of the Debtor to seek further extensions of the period in which they may remove the Civil Actions pursuant to Bankruptcy Rule 9027.

## BASIS FOR RELIEF

10. Section 1452 of title 28 of the United States Code governs the removal of pending civil actions related to bankruptcy cases. Specifically, Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

---

[2] Pursuant to Local Rule 9006-2, this deadline shall be automatically extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. One hundred and twenty (120) days from July 12, 2024, is Saturday, November 9, 2024. The Debtor respectfully requests the Court extend the Removal Deadline to the following business day, Monday, November 11, 2024.

28 U.S.C. § 1452(a).

11. Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action and provides in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions set forth in Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006 provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

13. It is well-settled that this Court is authorized to enlarge the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Shared Network Users Grp., Inc. v. Worldcom Techs., Inc.*, 309 B.R. 446, 450 (E.D. Pa. 2004); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986); *In re Passodelis*, 234 B.R. 52, 60 (Bankr. W.D. Pa. 1999).

14.     At present, it is premature for the Debtor to make a determination as to the benefits and burdens related to the removal of any Civil Actions.  The Debtor believes it is prudent to seek an extension of the Removal Deadline to November 11, 2024, to permit the Debtor additional time to review and evaluate any pending litigation matters.  Further, the proposed extension will not unduly prejudice any counterparty to the Civil Actions because any party to an action that is removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

15.     More specifically, the extension is appropriate because the Debtor has expended considerable time and effort by: (i) preparing and filing the Debtor's schedules and statements of financial affairs; (ii) responding to creditor inquiries, (iii) negotiating with the DIP Lenders to acquire necessary funding for the Chapter 11 Case; (iv) retaining and working with an investment banker to maximize the value of the Debtor's assets through a sale process, and (v) otherwise preparing for an orderly winddown of the Debtor's business operations.  Given the posture of this Chapter 11 Case and the necessity that the Debtor's resources be devoted to the foregoing matters, the Debtor would be severely prejudiced if it lost the ability to remove the Civil Actions to this Court and was forced to litigate in the state courts.

16.     In sum, the Debtor believes the proposed extension of the Removal Deadline will provide sufficient time and flexibility to allow it to consider, and make decisions concerning, the removal of the Civil Actions if the circumstances warrant, although the Debtor reserves the right to request additional extensions as may be appropriate.  Accordingly, the Debtor respectfully submits that cause exists for the relief requested herein.

## NOTICE

17.     Notice of this Motion will be provided to the following parties or their respective counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor's

twenty largest unsecured creditors; (iii) the non-Debtor parties to the Civil Actions; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that, in light of the nature of the relief requested, no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) granting such other or further relief as is just and proper.

Dated: July 8, 2024
       Wilmington, Delaware

Respectfully submitted,

*/s/ Sameen Rizvi*
Jeremy W. Ryan (No. 4057)
R. Stephen McNeill (No. 5210)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: jryan@potteranderson.com
       rmcneill@potteranderson.com
       srizvi@potteranderson.com

*Proposed Counsel for the Debtor and Debtor in Possession*