Docusign Envelope ID: 0D4C903A-7058-4F70-957A-DE698FC0D16F

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Parlement Technologies, Inc.<br>(f/k/a Parler LLC, f/k/a Parler Inc.)<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>Re: Docket No. 209<br><br>Hearing Date: November 20, 2024 @ 2:30 p.m. (ET)<br>Objection Deadline: Any Time Prior to Hearing |

### LIMITED RESPONSE TO THE DEBTOR'S MOTION (I) TO ENFORCE STIPULATED ORDER AND (II) FOR SANCTIONS IN CONNECTION THEREWITH

Vinh Vuong ("Vuong"), the senior secured creditor of the above-captioned debtor and debtor-in-possession, Parlement Technologies, Inc. (the "Debtor"), by and through his undersigned counsel, hereby submits this Limited Response to the *Debtor's Motion (I) to Enforce Stipulated Order and (II) for Sanctions in Connection Therewith* [Docket No. 209] (the "Motion").

### LIMITED RESPONSE

1. Vuong does not object to the relief requested in the Motion. In fact, as the senior secured creditor whose interest is aligned with the Debtor to maximize the value of the estate's assets, Vuong fully supports the Debtor's efforts to compel the production of documents and information from Olympic Media LLC / Starboard ("Olympic") in connection with its purchase of Parler 2022, Inc. and the payment obligations of Olympic under that certain Asset Purchase Agreement, dated April 7, 2023. Instead, Vuong was forced file this Limited Response to correct a number of misstatements made by the Debtor in the Motion with respect to Vuong's communications with Olympic's principals.

2. In the Motion, the Debtor makes the following unsubstantiated statement: "Vuong engaged in direct communications with Olympic's principals and apparently representing that Vuong had purchased the Debtor's claims against Olympic." *See* Motion, ¶13. This hearsay statement is unequivocally false and a gross misrepresentation of the facts.

3. To correct the record, it was the principal of Olympic, Ryan Coyne, who had contacted Vuong. Declaration of Vincent Vuong (the "Vuong Declaration"), ¶ 3. During the pendency of the sale process for the Debtor's assets, and after the filing of the *Motion by Parlement Technologies, Inc. for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Authorizing and Directing the Production of Documents from Olympic Media LLC* [Docket No. 168] (the "2004 Motion"), Mr. Coyne contacted Vuong via text message on September 30, 2024, asking to connect to "see how I [Coyne] can be helpful". *Id.* at ¶ 4. In a subsequent phone call, it became evident that Mr. Coyne was not offering his help to assist in the delivery of the documents request or in resolution of Parlement's claims, but instead he wanted to discuss the possibility of Vuong purchasing the Debtor's claims against Olympic (the "Olympic Action"). *Id.* at ¶¶ 4-5. Vuong unequivocally informed Mr. Coyne that he would not intervene in the Debtor's discovery requests and that he would not purchase the Olympic Action. Over the course of the first week of October 2024, Mr. Coyne attempted to persuade Vuong to purchase the Olympic Action, and repeatedly, Vuong explained to him on multiple occasions that he was not interested in the offer, and did not intend to include the Olympic Action as an asset that he intended to bid for as part of his proposal to purchase certain of Parlement's and its subsidiaries' other assets. *Id.* Mr. Coyne reached out once more on November 12 to reiterate his offer.

4. Mr. Vuong's security interest with respect to the Debtor and its assets includes the Olympic Action, and that point was expressed during the discussion with Mr. Coyne. At no time, did Mr. Vuong indicate that he intended to exercise his security interest to control the Olympic Action or to purchase it in connection with his bid for certain of the Debtor's other assets.

## CONCLUSION

5. WHEREFORE, for the reasons stated above, Vuong does not oppose the relief requested in the Motion, but he expressly reserves his rights, claims, defenses, or arguments with respect to the Debtor's comments regarding Vuong in the Motion, or any other issue in this chapter 11 case.

Dated: November 19, 2024
Wilmington, DE

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Thomas J. Francella, Jr..*
Thomas J. Francella, Jr. (DE 3835)
1200 North Broom Street
Wilmington, DE 19806-4204
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com

-and-

**ARENTFOX SCHIFF LLP**
Aram Ordubegian, Esq. (Admitted *Pro Hac Vice*)
Christopher K.S. Wong, Esq. (Admitted *Pro Hac Vice*)
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Tel:   (213) 629-7400
Fax:   (213) 629-7401
Email: aram.ordubegian@afslaw.com
Email: christopher.wong@afslaw.com

Tal Unrad, Esq. *(*Admitted *Pro Hac Vice)*
800 Boylston Street, 32nd Floor
Boston, MA 02199
Tel:   (617) 973-6100
Fax:   (617) 367-2315
Email: tal.unrad@afslaw.com

*Attorneys for Vinh Vuong*

## DECLARATION OF VINH VUONG

I, Vinh Vuong, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I submit this Declaration in support of the *Limited Response to the Debtor's Motion (I) to Enforce Stipulated Order and (II) for Sanctions in Connection Therewith* (the "Limited Response").[1]

2. Except as otherwise indicated herein, all statements set forth in this Declaration are based on (a) my personal knowledge, (b) my review of relevant documents, (c) information provided to me by, or discussions with other parties or their advisors or (d) my opinion based upon my experience. If called to testify, I could and would testify to the facts and the opinions set forth herein.

3. Contrary to claims made by the Debtor in paragraph 13 of the Motion, it was Ryan Coyne, the principal of Olympic Media LLC / Starboard ("Olympic"), who initiate contact with me, and then inquired as to whether I am interested in purchasing the Debtor's claims against Olympic (the "Olympic Action").

4. My first communication with Parlement was on September 30, 2024, when Mr. Coyne initiated discussions with me to discuss ways in which he can "be helpful" in connection with "the process". On October 2, 2024, I called Mr. Coyne in response to his text and at that time, he proposed that I purchase the Olympic Action from the Debtor to avoid the Debtor's discovery requests. I unequivocally informed Mr. Coyne that I would not intervene in the Debtor's discovery requests.

5. Over the course of the first week of October 2024, Mr. Coyne continued to attempt to persuade me to purchase the Olympic Action in connection with my bid to purchase other assets from the Debtor's estate, and I explained to him on multiple occasions that I was not interested in

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

AFSDOCS:300761898.1

his proposal, but that I would be willing to help facilitate a solution between him and Parlement regarding its discovery requests.

6.  Mr. Coyne has continued to reach out to me, but I have not had further communications with him regarding either the Olympic Action or Parlement's discovery requests.

7.  I did not (and never intended to) include the Olympic Action as an asset that I would purchase in connection with my bid to purchase certain of Parlement's assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this Monday, November 18, 2024, at Las Vegas, Nevada.

*Signed by:*
*Vinh Vuong*
C261F16865D7433...

Vinh Vuong