# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Parlement Technologies, Inc.<br>(f/k/a Parler LLC, f/k/a Parler Inc.)<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10755 (CTG)<br><br>Re: Docket No. 263 |

### DECLARATION OF JAMES R. RISENER III, ON BEHALF OF POTTER ANDERSON & CORROON LLP, REGARDING THE SOLICITATION AND TABULATION OF BALLOTS CAST ON THE SECOND AMENDED COMBINED CHAPTER 11 PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT FOR PARLEMENT TECHNOLOGIES, INC.

I, James R. Risener III, hereby declare as follows under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney at Potter Anderson & Corroon LLP ("Potter Anderson") located at 1313 N. Market Street, 6th Floor, Wilmington, Delaware 19801. I am over the age of 18 years and am not a party to the above-captioned action. I do not have a direct interest in the above-captioned chapter 11 case and should be considered an impartial party.

2. I submit this declaration (the "Declaration") with respect to the solicitation and tabulation of Ballots (as defined below) cast on the *Second Amended Combined Chapter 11 Plan of Liquidation and Disclosure Statement for Parlement Technologies, Inc.* [Docket No. 263-1] (as may be amended, supplemented, or modified from time to time, the "Plan").[1] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. I am authorized to submit this Declaration on behalf of Potter

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Solicitation Procedures Order (as defined herein).

Anderson. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with the *Order (I) Granting Interim Approval of the Disclosures in the Amended Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballots; and (V) Granting Related Relief* [Docket No. 268] (the "Solicitation Procedures Order"), the Debtor is serving as Solicitation Agent and has authorized Potter Anderson to carry out duties related to this capacity, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by Holders of Claims in the Voting Classes (as defined herein).

4. As set forth in the Solicitation Procedures Order, the Debtor established July 7, 2025 as the record date (the "Voting Record Date") for determining which Holders of Claims within the Voting Classes were entitled to vote on the Plan. Under the Plan, only Holders of Claims in the following Classes (the "Voting Classes") were entitled to vote to accept or reject the Plan:

| **Class** | **Description** |
|---|---|
| Class 2 | Remaining Vuong Prepetition Secured Claim |
| Class 4 | General Unsecured Claims |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Solicitation Procedures Order (the "Solicitation Procedures"). The Debtor directed Potter Anderson to solicit, review, determine the validity of, and tabulate Ballots submitted with respect to the Plan by the Holders of Claims in the Voting Classes in accordance with the Solicitation Procedures. In addition, Potter Anderson consulted with the Debtor, as appropriate, to ensure

3

compliance with the Solicitation Procedures. I supervised the solicitation and tabulation performed by Potter Anderson.

6. In accordance with the Solicitation Procedures, Potter Anderson caused to be served (i) the Combined Hearing Notice on the parties required under the Solicitation Procedures Order, and (ii) the forms of Ballots on Holders of Claims in the Voting Classes. Potter Anderson filed the *Affidavit of Service of Solicitation Materials* on July 10, 2025 [Docket No. 273].

7. Each Ballot received by Potter Anderson was date-stamped upon receipt, scanned (if submitted on paper), assigned a ballot number, entered into Potter Anderson's records, and processed in accordance with the Solicitation Procedures Order.

8. Potter Anderson received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan. In order for a Ballot to be counted as valid, the Ballot must have been (a) properly completed in accordance with the Solicitation Procedures, (b) executed by the relevant holder or such holder's authorized representative, (c) returned to Potter Anderson via an approved method of delivery as set forth in the Solicitation Procedures, and (d) received by Potter Anderson by no later than 4:00 p.m. (ET) on July 28, 2025 (the "Voting Deadline").

9. All validly executed Ballots cast by Holders of Claims in the Voting Classes received by Potter Anderson on or before the Voting Deadline or otherwise deemed acceptable by the Debtor were tabulated as outlined in the Solicitation Procedures.

10. The Debtor received one late-filed Ballot from Trang Cao but given the facts and circumstances of the Chapter 11 Case, the Debtor chose in its discretion to count the late-filed Ballot as if it were timely-filed.

11. The Debtor did not solicit acceptances or rejections of the Plan from any Creditor or Interest Holder before the conditional approval of the Disclosure Statement by the Court.

12. A true and correct copy of the final tabulation of the votes cast by Holders of Claims in the Voting Classes through timely and properly completed Ballots received by Potter Anderson on or before the Voting Deadline or otherwise deemed acceptable by the Debtor is attached hereto as **Exhibit A**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information concerning the distribution, submission, and tabulation of Ballots in connection with the Plan is true and correct to the best of my knowledge, information, and belief.

Dated: August 4, 2025          */s/ James R. Risener III*
                                                                             James R. Risener III
                                                                             Attorney
                                                                             Potter Anderson & Corroon LLP