**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Parlement Technologies, Inc.<br>(f/k/a Parler LLC, f/k/a Parler Inc.) | Case No. 24-10755 (CTG) |
| Debtor. | **Re: Docket No. 280** |

**DECLARATION OF CRAIG R. JALBERT IN SUPPORT OF CONFIRMATION**
**OF THE COMBINED CHAPTER 11 PLAN OF LIQUIDATION AND**
**DISCLOSURE STATEMENT FOR PARLEMENT TECHNOLOGIES, INC.**

I, Craig R. Jalbert, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.    I am a Principal of Verdolino & Lowey, P.C., a full-service accounting services firm located in Foxboro, Massachusetts.  On April 5, 2024, I was appointed as an independent Chief Restructuring Officer of the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case").  As such, I am authorized by the Debtor to submit this declaration (this "Declaration").

2.    I submit this Declaration in support of confirmation of the *Second Amended Modified Combined Chapter 11 Plan of Liquidation and Disclosure Statement for Parlement Technologies, Inc.* [Docket No. 280-1] (as amended, modified, or supplemented, the "Combined

Plan and Disclosure Statement"). [1] Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of the relevant documents and/or my opinion based upon my experiences, knowledge and information concerning the Debtor and provided to me by the Debtor's management team and/or professionals.  If I were called upon to testify, I would testify competently to the facts set forth herein.

## **BACKGROUND**

3.      On April 15, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      Additional information regarding the Debtor's businesses, capital structure, and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Craig Jalbert in Support of the Debtor's Chapter 11 Petition and Bankruptcy Case* [Docket No. 42] (the "First Day Declaration").

5.      On June 14, 2024, the Debtor filed the Bar Date Motion [Docket No. 60].  On June 28, 2024, the Court entered the Bar Date Order [Docket No. 74], setting each of the General Bar Date and initial Administrative Claims Bar Date as August 1, 2024, at 5:00 p.m. prevailing Eastern Time and the Governmental Bar Date as October 12, 2024 at 11:59 p.m. prevailing Eastern Time.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

6.    On July 10, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed the *Statement That Unsecured Creditors' Committee Has Not Been Appointed* [Docket No. 94], notifying parties in interest that the U.S. Trustee had not appointed a statutory committee of unsecured creditors in the Chapter 11 Case.

7.    On July 3, 2025, the Debtor filed the solicitation version of the Combined Plan and Disclosure Statement. *See* Docket No. 263.

8.    On July 7, 2025, the Court entered the *Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Amended Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballots; and (V) Granting Related Relief* [Docket No. 268] (the "Solicitation Procedures Order").  Pursuant to the Solicitation Procedures Order, the Court, among other things, granted interim approval of the Combined Plan and Disclosure Statement for solicitation purposes only.  In addition, a hearing to consider final approval of the adequacy of disclosures contained in, and confirmation of, the Combined Plan and Disclosure Statement is currently scheduled for August 7, 2025, at 2:00 p.m. (the "Confirmation Hearing").

9.    As set forth in that certain certificate of mailing [Docket No. 273] filed by the Debtor's counsel, Potter Anderson & Corroon LLP ("Potter"), Potter caused to be served on all Holders of Allowed Claims in Classes 2 and 4 (the "Voting Classes") (i) the Confirmation Hearing Notice, and (ii) a form of Ballot for Class 2 and 4, as applicable.  Further, Potter also

3

caused the Confirmation Hearing Notice to be served on all other parties on the creditor matrix and all other parties in interest entitled to receive such notice pursuant to the Solicitation Procedures Order.

10.     Only members of the Voting Classes were entitled to vote on the Combined Plan and Disclosure Statement.  As such, only members of Classes 2 (Remaining Vuong Prepetition Secured Claim) and 4 (General Unsecured Claims) were entitled to vote to accept or reject the Combined Plan and Disclosure Statement.  Holders of Claims in Class 1 (Miscellaneous Secured Claims) and Class 3 (Non-Tax Priority Claims) are unimpaired under the Combined Plan and Disclosure Statement and, consequently, are deemed to have accepted the Combined Plan and Disclosure Statement pursuant to the Bankruptcy Code.  Holders of Claims and Interests in Class 5 (Existing Equity Interests) are not entitled to receive a Distribution or retain any property under the Combined Plan and Disclosure Statement and, consequently, are conclusively deemed to have rejected the Combined Plan and Disclosure Statement pursuant to the Bankruptcy Code.

11.     Pursuant to the Solicitation Procedures Order, the deadline for the Holders of Claims in the Voting Classes to cast their votes to accept or reject the Combined Plan and Disclosure Statement was July 28, 2025 at 4:00 p.m. (Eastern Time).

12.     On August 5, 2025, the Debtor filed the *Declaration of James R. Risener III, on Behalf of Potter Anderson & Corroon LLP, Regarding Solicitation and Tabulation of Ballots Cast on the Combined Chapter 11 Plan and Disclosure Statement for Parlement Technologies, Inc.* [Docket No. 279] containing a tabulation of all Ballots received and demonstrating acceptance of

4

the Combined Plan and Disclosure Statement by Class 2 (Remaining Vuong Prepetition Secured Claim) and rejection of the Combined Plan and Disclosure Statement by Class 4 (General Unsecured Claims).

## COMPLIANCE WITH THE BANKRUPTCY CODE

13.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).</u>  I believe that the Combined Plan and Disclosure Statement complies with the following requirements of the Bankruptcy Code:

a.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).</u>  Article VI of the Combined Plan and Disclosure Statement designates five Classes of Claims and Equity Interests. I am familiar with the classification of Claims and Equity Interests in the Combined Plan and Disclosure Statement and believe that such classification system is rational and is based upon the legal nature and relative rights of such Claims and Equity Interests and is not proposed for any improper purposes.  Each Class contains only Claims or Equity Interests that are substantially similar to other Claims and Equity Interests therein.  Additionally, Article V of the Combined Plan and Disclosure Statement designates (but does not classify) certain Claims under sections 507(a)(2) and 507(a)(8), including Administrative Expense Claims, Priority Tax Claims and Professional Fee Claims.

b.    <u>Specified Treatment of Unimpaired Claims (11 U.S.C. §§ 1123(a)(2), (3)).</u> Article VI of the Combined Plan and Disclosure Statement specifies whether each Class of Claims

and Equity Interests is impaired or unimpaired under the Combined Plan and Disclosure Statement.

       c.      <u>No Discrimination (11 U.S.C. § 1123(a)(4)).</u>  Pursuant to the Combined Plan and Disclosure Statement, the treatment of each Claim or Equity Interest in each particular Class is afforded the same treatment as each other Claim or Equity Interest in such Class, unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such particular Claim or Equity Interest.

       d.      <u>Implementation of the Combined Plan and Disclosure Statement (11 U. S.C. 1123(a)(5)).</u>  Article VIII and various other provisions of the Combined Plan and Disclosure Statement provide an adequate and proper means for the implementation of the Combined Plan and Disclosure Statement.  Specifically, Article VIII of the Combined Plan and Disclosure Statement provides, among other things, (i) for the establishment of a Liquidating Trust, (ii) for the appointment and duties of a Liquidating Trustee, (iii) for the transfer of assets to the Liquidating Trust, (iv) an explanation of the funding of liabilities and Distributions, and (v) that the Debtor or the Liquidating Trustee, as applicable, is authorized to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Combined Plan and Disclosure Statement.

e.        Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)). The Combined Plan and Disclosure Statement is a liquidating plan that calls for the dissolution of the Debtor. Accordingly, section 1123(a)(6) of the Bankruptcy Code is not applicable.

f.        Impairment of Classes (11 U.S.C. § 1123(b)(1)).  Article VIII of the Combined Plan and Disclosure Statement impairs or leaves unimpaired, as the case may be, each Class of Claims or Equity Interests under the Combined Plan and Disclosure Statement.

g.        Treatment of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). Pursuant to Article IX.B. of the Combined Plan and Disclosure Statement, on the Effective Date, all Executory Contracts and Unexpired Leases not assumed, assigned, and/or rejected before the Effective Date, or subject to a pending motion to assume or reject as of the Effective Date, will be deemed rejected on the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code but the rejection will be effective as of the entry of the Confirmation Order.

h.        Section 1123(b)(6) of the Bankruptcy Code. Pursuant to section 1123(b)(6) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may include any other appropriate provision that is not inconsistent with any applicable provisions of the Bankruptcy Code.

Pursuant to this section, the Combined Plan and Disclosure Statement contains an exculpation provision (the "Exculpation Provision") which I believe is appropriate based on the limitation of liability provided in section 1125(e) of the Bankruptcy Code.  The Exculpation

Provision expressly and narrowly applies to the Exculpated Parties and only relates to acts in connection with the Chapter 11 Case that occurred post-petition but pre-Effective Date. I believe that the Exculpated Parties: (a) have made substantial and valuable contributions to the Debtor's Sale and plan process; (b) have invested significant time and effort to make the Chapter 11 Case a success and preserve the value of the Debtor's Estate in a challenging environment; (c) met frequently and directed the negotiations of the provisions in the Combined Disclosure Statement and Plan; and, (d) with respect to the Debtor's directors, officers, and managers who are Exculpated Parties, are entitled to indemnification from the Debtor under state law, organizational documents, and agreements.  Accordingly, I believe that the Exculpation Provision should be approved as appropriate under section 1125(e) of the Bankruptcy Code.  Additionally, the Combined Plan and Disclosure Statement provides for releases by the Debtor of certain Claims, rights, and causes of action that the Debtor and its estate may have against the Released Parties (the "Debtor Releases").  I believe that the Debtor Releases meet the applicable standard because they are fair, reasonable, supported by the Debtor's key stakeholders, and in the best interest of the Debtor's Estate.  It is my belief that the Debtor Releases were instrumental in obtaining support for the Combined Disclosure Statement and Plan, which is the result of, among other things, arm's-length and good faith negotiations among the Debtor, and its key stakeholders.

Moreover, the Combined Plan and Disclosure Statement, as amended, contains an injunction provision (the "Injunction Provision") that will temporarily stay certain actions against the Debtor until the Effective Date, and following the Effective Date, against the Liquidating Trust

until the date upon which all remaining property of the Debtor's Estate vested in the Liquidating

Trust has been liquidated and distributed to creditors or otherwise in accordance with the terms of

the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement and the

Combined Plan and Disclosure Statement has been fully administered, subject to further extension

or reduction by motion on notice.  I believe inclusion of the Injunction Provision is necessary to

provide (i) the post-confirmation Debtor with space to prepare for the Effective Date and (ii) the

Liquidating Trustee with time and the necessary breathing space to adequately carry out its duties

to the beneficiaries of the Liquidating Trust, including, but not limited to, pursuing the Causes of

Action vested in the Liquidating Trust and distributing the recoveries therefrom, if any, to the Trust

beneficiaries.  Without the benefit of the Injunction Provision, the Liquidating Trustee will be

forced to expend time and resources, as well as to generate additional administrative expenses, on

matters that would distract from its duties.  To be sure, the Injunction Provision is not intended to

be permanent and will expire once the Liquidating Trustee has completed its duties.

    i.  <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).</u>  To the best

of my knowledge, the Debtor, as proponent of the Combined Plan and Disclosure Statement, acting

through its respective agents, representatives and professionals, has complied with all applicable

provisions of the Bankruptcy Code in proposing the Combined Plan and Disclosure Statement and

with the Solicitation Procedures Order in commencing and conducting the solicitation of

acceptances or rejections of the Combined Plan and Disclosure Statement.

j.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).</u>  To the best of my knowledge, the Debtor, as proponent of the Combined Plan and Disclosure Statement, acting through its respective agents, representatives and professionals, has (i) proposed the Combined Plan and Disclosure Statement (a) in good faith, and (b) not by any means forbidden by law, and (ii) acted in good faith in the negotiation and formulation of the Combined Plan and Disclosure Statement.

k.      <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).</u> Any payment made or to be made by the Debtor, or by a person issuing securities or acquiring properties under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Combined Plan and Disclosure Statement and incident to this Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable.

l.      <u>Liquidating Trustee, Directors, Officers, and Insiders (11 U.S.C. 1129(a)(5)).</u>  The identity, affiliations, and compensation of the Liquidating Trustee proposed to serve after the Effective Date have been fully disclosed in the *Notice of Filing of Plan Supplement* [Docket No. 276].  I believe that the appointment of the Liquidating Trustee is consistent with the interests of creditors and equity security holders and with public policy, and no party in interest has objected to the Plan on these grounds.

m.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.    The Combined Plan and Disclosure Statement does not provide for rate changes subject to the jurisdiction of any governmental regulatory agency.

n.    <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.    With respect to each impaired Class, each Holder of a Claim or Equity Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would have received or retained had the Debtor been liquidated under chapter 7 of the Bankruptcy Code on such date.

Specifically, it is my understanding that substantially all of the assets of the Debtor were wound down through the Sale.    Although the Plan effects a liquidation of the Debtor's remaining assets and a chapter 7 liquidation would achieve the same general goal, liquidating the Estate under the Plan provides Creditors with a larger or equal projected recovery, in part because of the expenses that would be incurred in a chapter 7 liquidation, including the potential added time (thereby reducing the present value of any recovery for Holders) and expense incurred by the chapter 7 trustee and any retained professionals in familiarizing themselves with the Chapter 11 Case.

The Plan effectuates the Vuong Settlement, which I believe provides for a potential material recovery to Holders of Allowed General Unsecured Claims.    Furthermore, I understand that Vuong agreed to waive any deficiency claim that would otherwise entitle him to receive a

Distribution from the Liquidating Trust Assets, thereby allowing for the potential for meaningful recoveries for Holders of allowed General Unsecured Claims who—absent such agreement—would not otherwise be entitled to any Distribution or recovery on account of their General Unsecured Claims.  I believe that if the Debtor was to be liquidated under chapter 7, there would be no Vuong Settlement and no waiver of the Vuong deficiency claims, meaning, under a chapter 7 liquidation, there would likely be limited or no available proceeds for distribution to general unsecured creditors.

Additionally, I believe a chapter 7 liquidation could further delay payments being made to Creditors in that, in addition to the reasons described above, I am informed by counsel that Bankruptcy Rule 3002(c) provides that conversion of a chapter 11 case to chapter 7 will trigger a new bar date for filing Claims against the Estate.  Not only could a chapter 7 liquidation delay distribution to Creditors, but it is possible that additional Claims that were not asserted in the Chapter 11 Case, or were late filed, could be filed against the Estate, further reducing Creditor recoveries.

o.    <u>Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9)).</u> Pursuant to Article V.A. of the Combined Plan and Disclosure Statement, except to the extent that a Holder of an Allowed Administrative Expense Claim agrees to a less favorable treatment or has been paid by the Debtor or Purchaser prior to the Effective Date, each Holder of an Allowed Administrative Expense Claim will be paid the full unpaid amount of such Allowed Administrative Expense Claim in cash from the Liquidating Trust Proceeds.  Further, pursuant to

Article V.C. of the Combined Plan and Disclosure Statement, except to the extent the Debtor and/or Liquidating Trustee and the Holder of an Allowed Priority Tax Claim agree to a different and less favorable treatment, the Debtor or the Liquidating Trustee, as applicable, shall pay, in full satisfaction and release of such Claim, to each Holder of a Priority Tax Claim, cash in an amount equal to such Allowed Priority Tax Claim, on the later of (a) the Effective Date; and (b) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon thereafter as is reasonably practicable in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code.

        p.        <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  Of the Holders of Claims that voted in the Voting Classes, Class 2 (Remaining Vuong Prepetition Secured Claim) accepted the Plan and members of Class 4 (General Unsecured Claims) rejected the Plan.  The Plan therefore does not satisfy the requirements of section 1129(a)(8) as not all Classes have voted to accept the Plan.  However, as to Classes 4 and 5, I believe the Plan may be confirmed pursuant to the "cram down" provisions of section 1129(b) of the Bankruptcy Code as described below.

        q.        <u>Feasibility (11 U. S.C. § 1129(a)(11))</u>.  The Combined Plan and Disclosure Statement itself calls for liquidation of the Debtor.  Therefore, confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the need for further financial reorganization of the Debtor, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.  Moreover, I believe the conditions precedent to the Effective Date are reasonably likely to be satisfied.

13

r.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees under 28 U.S.C. § 1930 presented to date have been paid or provided for.  Moreover, as set forth in Article IV.E. of the Combined Plan and Disclosure Statement, after the Effective Date, the Liquidating Trustee shall pay any and all Statutory Fees when due and payable.  To the greatest degree possible, such payments shall be made from the Liquidating Trust Assets.  After the Effective Date, the Liquidating Trustee shall file with the Bankruptcy Court quarterly reports when they become due.

s.    Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtor provides no "retiree benefits" as such term is defined in section 1114 of the Bankruptcy Code.  Therefore, 11 U.S.C. § 1129(a)(13) is inapplicable.

t.    Domestic Support Obligation (11 U.S.C. § 1129(a)(14)).  As the Debtor is not required to pay any domestic support obligations, 11 U.S.C. § 1129(a)(14) is inapplicable.

u.    Individual Debtor Requirements (11 U.S.C. § 1129(a)(15)).  As the Debtor is not an individual, 11 U.S.C. § 1129(a)(15) is inapplicable.

v.    Identification of Plan Proponents (Fed. R. Bankr. P. 3016(a)).  As required by Bankruptcy Rule 3016(a), the Combined Plan and Disclosure Statement is dated and identifies the Debtor as the plan proponent of the Combined Plan and Disclosure Statement.

w.    Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).  The Combined Plan and Disclosure Statement satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8).  Classes 2 (Remaining Vuong Prepetition Secured Claim) and 4 (General Unsecured Claims), are the only impaired

14

Classes entitled to vote on the Combined Plan and Disclosure Statement. Class 2 has voted to accept the Combined Plan and Disclosure Statement and Class 4 voted to reject it.  Class 5 (Existing Equity Interests) is not receiving a Distribution or retaining any property under the Combined Plan and Disclosure Statement, and, consequently, is deemed to have rejected the Combined Plan and Disclosure Statement.  Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may still be confirmed, notwithstanding that not all impaired Classes have voted to accept the Combined Plan and Disclosure Statement, if the Combined Plan and Disclosure Statement is fair and equitable with respect to, and does not unfairly discriminate against, such Classes.

Indeed, it is my understanding that Holders of Claims in Class 4 (General Unsecured Claims) are trade, litigation, and other business creditors with claims that arose in connection with the Debtor's business operations, as well as holders of rejection damage claims. I understand that as a result of the Vuong Settlement, Vuong, as the holder of Remaining Vuong Prepetition Secured Claim, has agreed not to accept a distribution on account of any deficiency claim, thereby increasing the potential distributions available to Holders of Allowed General Unsecured Claims.  Absent the Vuong Settlement, Holders of General Unsecured Claims would not be entitled to receive any distributions under the Combined Plan and Disclosure Statement. However, in an effort to deliver the most value to creditors, the Debtor and Vuong crafted a settlement to be incorporated into a plan of liquidation that preserved value by avoiding protracted

litigation and providing for potential distributions to Holders of Allowed General Unsecured Claims.

In light of the significant impairment of the Remaining Vuong Prepetition Secured Claim, I believe that the potential recovery being made available to Holders of Allowed General Unsecured Claims is a "gift" from the secured creditor that was willing to give up some of his own value to enable the Debtor to provide distributions to other creditors on the conditions set forth in the Combined Plan and Disclosure Statement. I am informed by counsel and understand that senior secured creditors may generally allocate estate proceeds to junior creditors under a chapter 11 plan as long as intermediary classes are not skipped over. There is currently over $10 million of secured funded debt in a company that, after the Closing of the Sale, does not have sufficient remaining assets to satisfy those Claims. It is my understanding that Vuong has no appetite to make further sacrifices or provide more consideration to junior creditors.[2]

Accordingly, I believe that the Plan, including its possible recoveries to Holders of Allowed General Unsecured Claims, does not "discriminate unfairly."

I also understand that no Holder of any Claim or Interest subordinate to Class 4 (General Unsecured Claims) will receive or retain property under the Combined Disclosure Statement and Plan on account of their Claim or Interest. I understand that no Holder of a Claim in a Class senior to Class 4 (General Unsecured Claims) is receiving more than 100% recovery on

---

[2] *See Id.*

16

account of its Claim or Interests.  I understand that, to the extent Classes of Claims senior in priority to Class 4 (General Unsecured Claims) are Impaired and entitled to vote on the Plan (i.e., Class 2 (Remaining Vuong Prepetition Secured Claim), they voluntarily accepted such treatment in their support for the Combined Disclosure Statement and Plan and voted to accept the Combined Plan and Disclosure Statement.  Moreover, Existing Equity Interests in Class 5 are deemed cancelled. No Holders of Existing Equity Interests in Class 5 will receive a Distribution or retain any property under the Combined Plan and Disclosure Statement.  Accordingly, it is my understanding that the Combined Plan and Disclosure Statement is fair and equitable with respect to such Classes and does not unfairly discriminate against such Classes.  Therefore, the Combined Plan and Disclosure Statement complies with section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding that the Combined Plan and Disclosure Statement was rejected by Class 4 and deemed rejected by Class 5.

x.      Principal Purpose of Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933; rather, it is to provide for an orderly liquidation of the Estate's remaining assets and distribute the net proceeds thereof to the Debtor's stakeholders in accordance with the Plan.

y.      Section 1129(c) — Only One Plan.  Other than the Combined Plan and Disclosure Statement, no plan has been filed in this Chapter 11 Case and neither the Debtor nor any other party are presently seeking confirmation of any plan other than the Combined Plan and

Disclosure Statement.  Therefore, the Combined Plan and Disclosure Statement complies with section 1129(c) of the Bankruptcy Code.

14.    <u>Compliance with Bankruptcy Rule 3016(c).</u>    In accordance with Bankruptcy Rule 3016(c), the Combined Plan and Disclosure Statement describes in specific and conspicuous bold language all acts to be enjoined and identifies the entities that would be subject to the injunction to the extent required thereunder.

15.    <u>Retained Causes of Action.</u>  It is my understanding and belief that, without limiting the importance or criticality of any other Causes of Action, the Nevada Counterclaims, D&O Claims, Olympic Claims, and Thurston Claims are critical to the viability of the Plan.  Namely, these Causes of Action are valuable potential sources of recovery for the Liquidating Trust, which may then be able to distribute such recoveries to Liquidating Trust beneficiaries.

16.    <u>Waiver of Any Stay of Entry of Confirmation Order.</u>  It is my understanding and belief that good cause exists for waiving and eliminating any stay of the Confirmation Order pursuant to Bankruptcy Rules 3020, 6004, and 6006 so that the Confirmation Order will be effective immediately upon its entry, as each day the Debtor remains in chapter 11 it incurs significant professional and administrative costs to the detriment of the Estate.

## CONCLUSION

Based on the foregoing, I believe that the Combined Plan and Disclosure Statement satisfies the requirements of the Bankruptcy Code and should be confirmed.

Dated: August 5, 2025

*/s/ Craig R. Jalbert*

Name: Craig R. Jalbert
Title: Chief Restructuring Officer, Parlement Technologies, Inc.